# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

VICKIE GUTIERREZ,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 3:18-cv-00237-TMB

## ORDER OF DISMISSAL

Vickie Gutierrez filed a civil case against Dena A. Coy, South Central Foundation Treatment Program, in the Superior Court for the State of Alaska, which was served upon South Central Foundation on April 25, 2018, and was removed to this Court by the United States of America on October 9, 2018.[1] On October 29, 2018, the United States moved to substitute itself as Defendant, and moved to dismiss.[2]

On November 29, 2018, this Court issued an Order Regarding Motions and Proceeding in Federal Court and an Order and Warning Notice to Pro Se Litigants Re: Motion to Dismiss, also known as a *Rand* notice.[3] In those orders the Court instructed Ms. Gutierrez to respond to the motions made by the United States by December 26, 2018 or waive any objection. Ms. Gutierrez has not filed a response.

---

[1] Dockets 1, 1-1, 1-2; Case No. 3AN-18-06346CI.

[2] Dockets 8, 9.

[3] Dockets 10, 11.

As such, the Court will rule on two motions before it: (1) Motion to Substitute United States as Defendant and (2) Motion to Dismiss.

## Motion to Substitute United States as Defendant

In its Motion to Substitute itself as Defendant, the United States argues that "the tort claims alleged against the Dena A. Coy, South Central Foundation Treatment Program are deemed to be an action against the United States under the provisions of the FTCA:[4]

> [A]t the time of the allegations in Plaintiff's complaint, the Dena A. Coy, South Central Foundation Treatment Program, was an Alaska Native tribal organization that operates medical facilities and programs in Alaska under a compact and agreement with the U. S. Department of Health and Human Services (DHHS), pursuant to Pub.L. 93-638, thus, pursuant to Pub. L. 101-512, Title III, § 314, the Dena A. Coy, South Central Foundation Treatment Program is deemed to be part of the Indian Health Service in the Department of Health and Human Services while carrying out its compact and agreement and its employees and that any civil action or proceeding involving such claims shall be deemed to be an action against the United States and will be defended by the Attorney General and be afforded the full protection and coverage of the Federal Tort Claims Act.[5]

Pub. L. 93-638 authorized the contracting of the Indian Health Service functions to tribal organizations; and Pub. L. 101-512 made appropriates to the Department of Health and Human Services for the Indian Health Service.[6] Under

---

[4] Docket 8 at 1-2.

[5] *Id.* at 2.

[6] Pub. L. 93-638; Pub. L. 101-512; *see also* Exhibit A, United States Motion to Dismiss at Docket 9-1 at 2.

3:18-cv-00137-TMB, *Gutierrez v. United States of America*
Order of Dismissal
Page 2 of 5

Case 3:18-cv-00237-TMB   Document 12   Filed 01/03/19   Page 2 of 5

this statutory scheme, the Department of Health and Human Services, via Congressional appropriation, funds the Indian Health Service, which in turn contracts with local and tribal providers. When applied to the facts at hand, Dena A. Coy, South Central Foundation Treatment Program acts as an instrument of the Indian Health Service, and thus under the auspices of the Department of Health and Human Services.[7]

As such, while an organization carries out the functions of a federal agency, on behalf of a federal agency, any civil suits brought are deemed as an action against that federal agency, and therefore the United States.[8] Thusly, the United States is the appropriate Defendant in this case.[9]

Therefore, the United States is substituted as the appropriate defendant for this action. The Motion at Docket 8 is **GRANTED**.

Motion to Dismiss

The United States moves this Court to dismiss this action based on Federal Rule of Civil Procedure 12(b)(1), lack of subject matter jurisdiction.[10] The United States argues that an administrative claim is a prerequisite to a Federal Tort

---

[7] *see also* Docket 9-1 at 2.

[8] 28 U.S.C. § 2671.

[9] *See Lance v. United States,* 70 F.3d 1093, 1095 (9th Cir. 1995) ("The United States is the only proper defendant in an FTCA action.").

[10] Docket 9.

3:18-cv-00137-TMB, *Gutierrez v. United States of America*
Order of Dismissal
Page 3 of 5

Case 3:18-cv-00237-TMB   Document 12   Filed 01/03/19   Page 3 of 5

Claims Act (FTCA) lawsuit. Section § 2675(a) of the Federal Tort Claims Act states:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.[11]

As per statute, a prospective FTCA plaintiff must first present their claim to the appropriate federal agency and complete the administrative claims process, before seeking relief from the federal courts.

Furthermore, the United States submitted the Declaration of Meredith Torres, as Exhibit A, with its Motion to Dismiss.[12] Ms. Torres represents that she is an attorney for the Department of Health and Human Services.[13] Ms. Torres declares that the Department of Health and Human Services maintains a computerized database of administrative claims, including those filed against Indian Health Service facilities.[14] She represents that she has performed a search of this database and has "no record of an administrative tort claim filed by Vicki

---

[11] 28 U.S.C. § 2675(a).

[12] Docket 9-1.

[13] Docket 9-1 at 1.

[14] *Id.*

Gutierrez and/or an authorized representative relating to Southcentral Foundation."[15]

Federal law requires that a claim under the FCTA must first be exhausted through the administrative process. As such, Ms. Gutierrez does not appear to have exhausted her claim. Therefore, this action is not ripe for this Court to adjudicate, and currently, this Court does not have subject matter jurisdiction.

The Motion to Dismiss at Docket 9 is **GRANTED**.


**IT IS THEREFORE ORDERED**:

1. The Motion to Substitute United States as Defendant, at Docket 8, is **GRANTED**.

2. The Motion to Dismiss, at Docket 9, is **GRANTED.**

3. This action, which was removed to federal court at Docket 1, is **DISMISSED** without prejudice for failure to exhaust and for this Court's current lack of subject matter jurisdiction. Ms. Gutierrez may refile her complaint upon exhaustion of the administrative process within the Department of Health and Human Services.

4. The Clerk of Court is directed to enter a judgment accordingly.

DATED at Anchorage, Alaska, this 3rd day of January, 2019.

*/s/ Timothy M. Burgess*
United States District Judge

---

[15] Docket 9-1 at 1.